**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7208**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

FRANESIOUR B. KEMACHE-WEBSTER, a/k/a Bryan Webster,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:10-cr-00654-RWT-1; 8:14-cv-02005-RWT)

Submitted:  February 23, 2017        Decided:  February 27, 2017

Before SHEDD and DIAZ, Circuit Judges, and DAVIS, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Franesiour B. Kemache-Webster, Appellant Pro Se.  LisaMarie
Freitas, Kristi Noel O'Malley, OFFICE OF THE UNITED STATES
ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franesiour B. Kemache-Webster appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion.* We have reviewed the record and conclude that Kemache-Webster's motion was not a true Rule 60(b) motion, but in substance a successive and unauthorized § 2255 motion. See United States v. McRae, 793 F.3d 392, 399-400 (4th Cir. 2015); see also Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized successive habeas motion). In the absence of prefiling authorization from this court, the district court lacked jurisdiction to hear Kemache-Webster's successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012). Accordingly, we affirm.

Additionally, we construe Kemache-Webster's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would

---

* We treat the district court's denial of Kemache-Webster's Rule 60(b) motion as a dismissal because that court did not have jurisdiction to consider his successive claims.

2

have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Kemache-Webster's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3